IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| LYNDSI DIAZ DE LEON, and<br>CARLA MARTINEZ,<br><br>    Plaintiffs,<br><br>v.<br><br>MANUEL JIMENEZ MARTINEZ; and<br>CNC LOGISTICS SA DE RL DE CV,<br><br>    Defendants. | § § § § § § § § § § § § § | Cause No. 3:20-cv-00311 |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** MANUEL JIMENEZ MARTINEZ, a Defendant in the above-entitled and captioned cause, and submits his Notice of Removal, and for jurisdiction respectfully shows the following:

1. This party was named as a Defendant in the case styled *Lyndsi Diaz de Leon; and Carla Martinez v. Manuel Jimenez Martinez; and CNC Logistics SA de RL de CV;* Cause No. 2020-DCV3563, pending in the 243rd District Court of El Paso County, Texas (hereinafter "The State Court Action"). A true and correct copy of the docket sheet from the State Court action is attached as Exhibit A. Pursuant to 28 U.S.C § 1446(a) a true and correct copy of all process, pleadings and orders in The State Court Action are being filed with this Notice, and are attached as Exhibit B.

2. The State Court Action arises out of truck/auto accident that occurred in El Paso County, Texas on or about August 27, 2020. Plaintiffs allege that Defendant Manuel Jimenez Martinez ("Defendant Martinez") is an individual residing at 15303 Huebner Road, San Antonio, Texas

1

78248. This is actually the address for Defendants' insurer, National Unity. Defendant Manuel Jimenez Martinez is, and always has been, a citizen of The Republic of Mexico. He has never resided in the State of Texas or Bexar County. Please refer to the attached affidavit of Defendant Manuel Jimenez Martinez, attached as Exhibit C. He has not actually been served as of the time the State Court action is removed. Defendant CNC consents to the removal of this case.

3. Plaintiffs allege to be residents of El Paso, Texas, and upon information and belief, are citizens of the State of Texas.

4. The State Court Action commenced on November 4, 2020 with the filing of Plaintiffs' Original Petition. Service of Plaintiffs' Original Petition on Defendant CNC Logistics SA de RL de CV was effected by serving Defendant's registered agent for service, International Border Trucking Compliance Service, Inc., by hand delivery on November 6, 2020, which is the operative date for removal purposes for this Defendant.

4. Plaintiffs' Original Petition seeks monetary relief "over two hundred thousand and 00/100 dollars ($200,000.00) but not more than one million and 00/100 dollars ($1,000,000.00)." In addition, the petition asserts that the Plaintiffs suffered injuries, including physical pain, mental anguish, and medical expenses, in the past, and possibly continuing into the future.

5. The sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. §1446(c)(2). However, if the state's practice does not permit demand for a specific sum, or permits the recovery of damages in excess of the amount demanded, then a Notice of Removal may assert the amount in controversy. *Id.* §1446(c)(2)(A)(ii). In addition, Texas District Courts have adopted a "facially apparent" standard to determine whether a case is removable when the initial pleading does not specify the amount in controversy, or in some cases even when it affirmatively specifies an amount *below* the federal jurisdictional limit. *See Salomon*

*v. Wells Fargo Bank, N.A.*, 2010 WL 2545593 at *3-7 (W.D. Tex., June 21, 2010); *Gutierrez v. Swift Transportation Co., Inc.*, 2011 WL 318294 at *2-4 (W.D. Tex. January 8, 2011). A defendant may show that the amount in controversy exceeds the federal limit by either (1) demonstrating that it is "facially apparent" from a petition that the claim likely exceeds $75,000.00, or (2) by setting forth the facts, preferably in the removal petition, that support a finding of the requisite amount. *Gutierrez* 2011 WL 318924 at *2; *see also Grant v. Chevron Philips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). When a complaint fails to specify the numerical value of damages, the court examines the nature of the injuries and damages alleged. *See Carmardelli v. Wal-Mart Stores, Inc.*, 545 F. Supp. 2d, 595 (W.D. Tex. 2008). Although decided in the context of an employment discrimination claim, the Fifth Circuit has held that an extensive list of damages, even without numerical specification, can meet the threshold for "facially apparent," which appears to be the rule followed by the Western District. *White v. FCI USA, Inc.*, 319 F.3d, 672, 674-76 (5th Cir. 2003); *Salomon,* 2010 WL 2545593 at *5; *Gutierrez,* 2011 WL 318294 at *4-5. That being said, a Plaintiff must make all information known at the time he files his complaint, and if it is facially apparent from the pleading that the requisite amount in controversy exists, then no post-removal affidavits, stipulations or amendments will deprive the District Court of jurisdiction. *Gutierrez,* 2011 WL 318294 at *5. In this case, Plaintiffs have asserted an extensive list of damages, both in the past and continuing in the future. Plaintiffs have pleaded the case as being worth more than $200,000.00. As such, based on the amount of damages and injuries alleged, and the extensive complaints set forth in Plaintiffs' Original Petition, it appears to be facially apparent that the amount in controversy is in excess of $75,000.00.

6.     This Honorable Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1), since there is complete diversity of citizenship between the parties, and assuming that

Plaintiffs demanded the sum in their Original Petition in good faith, then at least $200,000.00 should be deemed to be the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2).

7. This Notice is timely filed pursuant to 28 U.S.C. §1446 (b), since it was filed within thirty (30) days of the receipt by Defendant CNC of Plaintiffs' Original Petition from which it could first be ascertained that the case was removable, and less than one (1) year after commencement of The State Court Action.

8. Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. §1441(a) as the District and Division where The State Court Action is pending.

9. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly give all parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of El Paso County, Texas where The State Court Action is currently pending.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that pursuant to the above-referenced authorities that The State Court Action be removed, that this Honorable Court exercise its original jurisdiction over The State Court Action, and that Defendant be granted such other and further relief, general or special, legal or equitable, to which Defendant may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS SAFI, PAXSON & GALATZAN, P.C.**
P.O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Fax: (915) 541-1597
E-Mail: vereen@mgmsg.com
E-Mail: hutterer@mgmsg.com

By: _____
**Darryl S. Vereen**
State Bar No. 00785148
**Frederick C. Hutterer III**
State Bar No. 24100492
Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I, **Frederick C. Hutterer III**, hereby certify that on this 15th day of December, 2020, I served a copy of the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notice of such filing to the following attorneys of record: Steven T. Nguyen, Esq., [snguyen-svc@thomasjhenrylaw.com](mailto:snguyen-svc@thomasjhenrylaw.com), Thomas J. Henry, P.O. Box 696025, San Antonio, Texas 78269.

                                                **Frederick C. Hutterer, III**

5
00013463/00193/FHUT/1565793