**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LYNDSI DIAZ DE LEON and** | § | |
| **CARLA MARTINEZ,** | § | |
| *Plaintiffs,* | § | **EP-20-CV-00311-DCG-RFC** |
| | § | |
| **v.** | § | |
| | § | |
| **MAUEL JIMENEZ MARTINEZ and** | § | |
| **CNC LOGISTICS SA DE RL DE CV,** | § | |
| *Defendants.* | | |

## ORDER REGARDING MOTION TO COMPEL

**ON THIS DAY** came for consideration "Defendants' Motion to Compel Discovery from

Plaintiffs." (ECF No. 21.)  The Court notes that Plaintiffs did not respond to the instant motion.[1]

Rule 37 allows a party to "move for an order compelling disclosure or discovery," but

requires that the movant "must include a certification that the movant has in good faith conferred

or attempted to confer with the person or party failing to make disclosure or discovery in an effort

to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Moreover, Local Rule 7(i) states that

"[t]he court may refuse to hear or may deny a nondispositive motion unless the movant advises

the court . . . that counsel for the parties have first conferred in a good-faith attempt to resolve the

matter by agreement[.]"

In their motion, Defendants write that they "certify that efforts to resolve this discovery

dispute without Court intervention have been attempted, yet [were] unsuccessful." (ECF No. 21:9,

citing ECF No. 21-8.)  Defendants' sole proof that they have met the certification requirement

---

[1] Defendants filed the present motion on June 10, 2021.  In the eleven days since the motion was filed, Plaintiffs have failed to file a response with the Court.  Pursuant to the Local Civil Rules for the Western District of Texas, a party must respond to any opposed nondispositive motion within seven days.  *See* W.D. Tex. L. R. 7(e)(2).  "If there is no response filed . . . the court may grant the motion as unopposed."  *Id.*  Plaintiffs are cautioned that parties who fail to respond to motions by the opposing party do so at their own peril.

under Rule 37(a)(1) is a letter dated May 27, 2021, sent by Defendants' attorney to Plaintiffs' attorney.  (ECF No. 21-8.)  Other than this letter, Defendants have not certified that they have actually met and conferred in good faith, either in person or telephonically, with the Plaintiffs or their counsel.  Nor have Defendants certified that Plaintiffs have refused to discuss all disputed issues raised in Defendants' motion.

"Rule 37 mandate[s] that a necessary component to a facially valid motion to compel is an actual certification, which 'must accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute.'" *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 398 (S.D. Tex., 2012).  "It is vitally important that counsel confer with one another in good faith, and so represent to the Court, before taking up court time." *In re Presto*, 358 B.R. 290, 293 (Bankr. S.D. Tex., 2006).  "Unilaterally identifying flaws does not equate to conferring with the [opposing parties'] counsel to determine if a resolution can be reached before filing a motion to compel." *Id.*

Here, Defendants have failed to meet the certification requirements of Rule 37(a)(1).  The letter Defendants attached in support of their Motion merely unilaterally informs the Plaintiffs of the supposed inadequacy of their responses to interrogatories and requests for production.  A one-sided communication does not amount to a meeting or conference for the purpose of resolving differences in good faith.  Therefore, the Court finds that Defendants' Motion should be denied.

As Defendants have failed to comply with Rule 37, the Court accordingly **DENIES** Defendants' Motion without prejudice.

**SIGNED** this 23rd day of June, 2021.

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE