IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LYNDSI DIAZ DE LEON and<br>CARLA MARTINEZ,<br>      *Plaintiffs,*<br><br>v.<br><br>MANUEL JIMENEZ MARTINEZ and<br>CNC LOGISTICS SA DE RL DE CV,<br>      *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-20-CV-00311-DCG-RFC |

## ORDER REGARDING DEFENDANTS' SECOND MOTION TO COMPEL DISCOVERY

**ON THIS DAY** came for consideration "Defendants' Second Motion to Compel Discovery from Plaintiffs." (ECF No. 24.) The case was referred to the undersigned on December 23, 2020. To date, Plaintiffs have failed to respond to Defendants' Motion. For the reasons set forth below, the Court is of the opinion that the Motion to Compel should be **GRANTED** in part and **DENIED** in part.

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Furthermore, the discovery request must be proportional to the case's needs, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

1

The party seeking discovery bears the initial burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006).  Once the party seeking discovery establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted.  *Id.*

Under Federal Rule of Civil Procedure 37(a), "a party may move for an order compelling disclosure or discovery."  A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(l).  A party may move to compel a discovery response if a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents as requested under Rule 34.  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  Federal Rule of Civil Procedure 33(b)(2), (3) and Federal Rule of Civil Procedure 34(b)(2)(A) require that a party to whom the request is directed must respond in writing "within 30 days after being served."

Defendants attached a certificate of conference to their Motion to Compel stating that they sent three letters to Plaintiffs' counsel and attempted to call Plaintiffs' counsel on the phone twice in order to confer regarding these discovery issues.  (ECF No. 24:9-10).  Plaintiffs present no argument nor evidence to dispute this nor any of Defendants' other allegations in their Motion to Compel.  Defendants argue that Plaintiffs have failed to adequately answer interrogatories submitted under Rule 33 and respond meaningfully to requests for production under Rule 34.  (*Id.* at 2-9.)  Defendants assert that "it has been impossible to meaningfully confer with Plaintiffs'

counsel" due to their unresponsiveness, and note that "[t]he discovery deadline is quickly approaching on August 16, 2021." (*Id.* at 10.)

"Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents." Fed. R. Civ. P. 34(b)(2)(B). Additionally, litigants are expected to provide amended or supplemental responses to interrogatories and requests for production where their answers fail to comply with the rules, regardless of whether the Court specifically notes such deficiency. *Jacquez v. Compass Bank,* No. EP-15-CV-26-RFC, 2015 WL 11529918, at *1-2 (W.D. Tex. Dec. 17, 2015).

The Court finds that Plaintiffs have failed to properly answer interrogatories under Rule 33 and respond to requests for production under Rule 34. For example, when Defendants asked Plaintiffs to produce "documents relating to the repair of [Plaintiffs'] vehicle," Plaintiffs referred Defendants to their document production, which did "not contain any repair estimates, repair records, invoices, and/or bills for the vehicle in question." (ECF No. 24:9.)

Furthermore, pursuant to the Court's Local Rules, a party must respond to any opposed nondispositive motion within seven days. *See* W.D. Tex. L. R. 7(e)(2). "If there is no response filed . . . the court may grant the motion as unopposed." *Id.* at 7(d)(2). Defendants filed their Motion to Compel on July 13, 2021. (ECF No. 24.) Accordingly, the Local Rules gave Plaintiffs until July 20, 2021, to respond to the motion. To date, no response has been filed, despite the Court's admonition to Plaintiffs in a prior order that "parties who fail to respond to motions by the

opposing party do so at their own peril." (ECF No. 23:1 n.1.) Accordingly, the Court **GRANTS** Defendants' Motion to Compel in part.

However, the Court **DENIES** Defendants' Request for Production number 18, which asks that Plaintiffs "produce a true and correct copy of any correspondence or documents sent to or received from any Defendant, or their agents or representatives prior to the filing of this lawsuit." (ECF No. 24-1:12.) Request for Production number 25 similarly asks Plaintiffs to produce correspondence and documents "sent to, or received from any Defendant that in any way reference or refer to this incident." (*Id.* at 13.) The Court finds that these requests should be **DENIED** on the grounds that Defendants can find documents sent or received by them or their agents without Plaintiffs' help.

The Court further finds that the first clause of Interrogatory number 5, in which Defendants ask Plaintiffs to state "how the incident happened," is overly broad. (ECF No. 24-1:4.) As such, the Court orders that portion of the interrogatory be stricken so that Interrogatory number 5 instead read: "Please tell us whether you were wearing your seatbelt or using a cell phone or other mobile device at the time."

It is therefore **ORDERED** that Defendants' Motion to Compel is hereby **GRANTED** in part and **DENIED** in part.

It is further **ORDERED** that Plaintiffs must fully respond to Defendants' Interrogatories Nos. 5 (as modified above), 8, 9, 10, 12, 13, 16, 17, 18, 19, 20, and Requests for Production Nos. 4, 5, 9, 10, 11, 12, 13, 19, 35, 36, 37, 38, 39, and 41 **within fourteen (14) days of this Order.**

The Court notes again that Plaintiffs have demonstrated a repeated failure to file responses. Failure to comply with this Order may result in sanctions and/or the imposition of costs and fees. Moreover, should the Honorable David C. Guaderrama find such remedy to be warranted, failure

to comply with this Order may result in dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977) ("Dismissal of a complaint with prejudice is such a drastic remedy that a district court should apply it only in extreme circumstances. . . . [But dismissal is warranted where] plaintiff's failure to comply with discovery has involved either repeated refusals or an indication of full understanding of discovery obligations coupled with a bad faith refusal to comply.")

**IT IS SO ORDERED.**

**SIGNED** this 28th day of July, 2021.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE