**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LYNDSI DIAZ DE LEON and** | § | |
| **CARLA MARTINEZ,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **EP-20-CV-00311-DCG-RFC** |
| | § | |
| **MANUEL JIMENEZ MARTINEZ and** | § | |
| **CNC LOGISTICS SA DE RL DE CV,** | § | |
| *Defendants*. | § | |

**ORDER DENYING DEFENDANTS' MOTION
FOR LEAVE TO FILE COUNTERCLAIM**

**ON THIS DAY** came for consideration "Defendants' Opposed Motion for Leave to File Counterclaim Against Lyndsi Diaz De Leon" ("Motion"). (ECF No. 30.) After careful consideration, the Court is of the opinion that the Motion should be **DENIED**.

On December 15, 2020, Defendant Martinez removed the case to this Court. (ECF No. 1.) The Court's Scheduling Order set a March 16, 2021 deadline for motions to amend or supplement pleadings, and a September 16, 2021 dispositive motion deadline. (ECF No. 11:2–3.) Trial is set for December 10, 2021, and the deadline for motions to continue the trial date was August 16, 2021. (*Id.* at 3.) On February 26, 2021, Defendants filed their Amended Answer, in which they stated that "Defendants would show that Plaintiff Lyndsi Diaz De Leon's own contributory negligence and/or negligence *per se* was the proximate cause, sole proximate cause or a new and independent cause of the occurrence in question, and all of Plaintiffs' alleged damages and injuries, if any." (ECF No. 15:3.) The Amended Answer further states that "Defendants would show that Plaintiff Lyndsi Diaz De Leon is liable to Defendants for contribution with regard to any alleged damages and injuries sustained by her passenger, Plaintiff Karla Martinez." (*Id.*) Now, Defendants seek leave to file a counterclaim. (ECF No. 30.) Plaintiffs oppose. (ECF No. 32.)

1

Because the deadline to amend or supplement pleadings has passed, the Court considers Defendants' Motion under the "good cause" standard for scheduling order modification.  *See* Fed. R. Civ. P. 16(b)(4); *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013).  To establish good cause, movants must show that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)).  Additionally, courts assess good cause by weighing four factors: (1) the movants' explanation for their delay; (2) the importance of the amendment to the movants; (3) potential prejudice to nonmovants in granting the amendment; and (4) the potential for a continuance to cure such prejudice (the "good cause factors").  *Id.* at 536–37.

Here, the Court does not find good cause to grant Defendants' Motion.  First, Defendants have failed to show that the Scheduling Order could not reasonably have been followed. Defendants had already alluded to a contributory negligence defense and contribution claim against Plaintiff De Leon in their Amended Answer.  (ECF No. 15:3.)  In their Motion, Defendants do not explain why they could not have timely raised their counterclaim, especially since they claim that their proposed counterclaim "raises no new issues in the case."  (ECF No. 30:1.)  Thus, Defendants have not shown that the deadline to amend or supplement pleadings could not reasonably have been met.  In the same vein, regarding the first good cause factor, Defendants have not adequately explained why they waited until now to file their counterclaim.  Defendants seem to attribute their delay to the trajectory of discovery, by stating that "the parties were only recently deposed on September 23–24, 2021" and "Plaintiff Martinez'[s] full medical records were not produced until September 24, 2021."  (*Id.* at 2.)  However, Defendants do not explain the nexus

between these points of discovery and Defendants' request for leave.  Thus, the first good cause factor—explanation for delay—weighs against granting Defendants' Motion.

The third and fourth good cause factors—prejudice and the potential for a curative continuance—also weigh against granting Defendants' Motion.  Plaintiffs argue that to allow Defendants' counterclaim would be prejudicial at this stage of litigation because it "may cause a conflict of interest in counsel's continued representation of both Plaintiffs in this matter."  (ECF No. 32:2–3.)  Plaintiffs also argue that, had the counterclaim been filed on time, Plaintiffs would have conducted further discovery and potentially filed dispositive motions on the counterclaim, which would now require an extension of time.  (*Id.* at 6.)  The Court finds that Plaintiffs would be prejudiced by the inability to timely file dispositive motions regarding Defendants' counterclaim.  A continuance to cure this prejudice is unavailable because the deadline to request a continuance has passed, parties have not requested a continuance, and the trial date—scheduled by the Court over eight months ago—is fast approaching.  *See S&W Enters.*, 315 F.3d at 536–37 (finding prejudice without cure where an extension would require a party to conduct additional discovery and a continuance "would unnecessarily delay the trial").  Therefore, good cause factors three and four weigh against granting Defendants' Motion.

The second good cause factor—importance of amendment—weighs in favor of granting Defendants' Motion.  Defendants claim that "justice requires the counterclaim to be allowed to avoid any waiver of Defendants' right to seek contribution."  (ECF No. 30:2.)  If the denial of Defendants' Motion would interfere with Defendants' ability to seek contribution, then the second good cause factor weighs in favor of granting Defendants' Motion.  Even so, considering that three out of four good cause factors weigh against Defendants, and considering the costs and burdens

that the Court and all parties would face with a continuance, the Court finds no good cause to grant Defendants' Motion.

Because the Court finds no good cause, the Court need not determine whether "justice so requires" the granting of Defendants' Motion.  Fed. R. Civ. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536.

**IT IS THEREFORE THE ORDER OF THIS COURT** that Defendants' Opposed Motion for Leave to File Counterclaim Against Lyndsi Diaz De Leon is hereby **DENIED**.

**SIGNED** this 22nd day of October, 2021.

_____
ROBERT F. CASTAÑEDA
UNITED STATES MAGISTRATE JUDGE

4